THE STATE, on the Relation of LAWRENCE, *v.* WHITE and Another.

ADMINISTRATOR.—*Suit on Bond.*—Complaint on an administrator's bond by a creditor of the intestate, assigning, first, that the administrator had wholly failed and refused to make and exhibit to the court any account of the condition of his trust; second, that he had received personal assets belonging to the estate amounting to a certain sum, which he had converted to his own use, and had failed and refused to apply the same to the use of the estate and to the payment of the debts of the estate; third, that he had failed and refused to pay the relator a certain sum, being the amount of a judgment recovered by the latter against the estate, though said administrator had had assets in his hands out of which the debt ought to have been paid.

*Held*, that the making of such exhibit after the commencement of this action could not cure the first breach assigned; but the fact that the administrator had in his hands no assets which could be applied to the payment of the relator's claim, was a good defense to the whole cause of action.

APPEAL from the Gibson Common Pleas.

GREGORY, C. J.—The appellant sued the appellees in the court below on an administrator's bond. The relator is a creditor of the intestate. The breaches assigned are: 1. That White (the administrator) has wholly failed and refused to make and exhibit to the court any account of his trust. 2. That he has received personal assets belonging to the estate, amounting, in the aggregate, to one hundred and twenty-three dollars and ten cents, which sum he has converted wholly to his own use, and failed and refused to apply the same to the use of the estate and to the payment of the debts of the estate. 3. That he has wholly failed and refused to pay to the relator the sum of twenty-one dollars and fifteen cents, being the amount of a judgment recovered by the relator against the estate, though the administrator has had assets in his hands, out of which the debt ought to have been paid.

The defendants answered, first, by denial; second, that the defendant White, as administrator of the intestate, received the entire assets of the estate, amounting to one hundred and twenty-three dollars and ten cents; that of the assets one hundred and six dollars and ninety-five cents only had been converted into money, one dollar and sixty five cents of which remains in his hands; that there is yet due the estate sixteen dollars and fifteen cents; that he had fully reported the condition of his trust at the (then) present term of the court, which report had been passed upon and approved; that he has no assets in his hands to pay the relator; that it will require the entire assets of the estate to pay the preferred claims; and that the claim of the relator is not a preferred claim.

The appellant demurred to the second paragraph, which was overruled, and this presents the only question in the case.

It is claimed that this paragraph of the answer is not a good defense to the whole cause of action, and being pleaded as such, the demurrer ought to have been sustained.

It is true, as contended for by the appellant's counsel, that the failure to make an exhibit to the court of the condition of the trust was a breach of the bond, but this could not injure the relator, if the answer was true. Such a breach creates only a *prima facie* liability. The making such exhibit after the suit was commenced did not, of itself, cure the breach. But the fact that there were no assets in the hands of the administrator, out of which to pay the debt of the relator, was a full answer to the whole cause of action.

Judgment affirmed, with costs.

*W. Aydelotte*, for appellant.

*J. E. Phillips*, for appellee.